Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000824
12-JUN-2015
08:07 AM

NO. CAAP-12-0000824

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

RODNEY KELLEY, Petitioner-Appellant, v. ADMINISTRATIVE DIRECTOR
OF THE COURTS, STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DAA-12-0010)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Petitioner-Appellant Rodney Alan Kelley (Kelley) appeals from the Judgment on Appeal, entered on September 24, 2012, in the District Court of the First Circuit, Honolulu Division (District Court).[1]

On appeal, Kelley contends the District Court erred by affirming the Administrative Driver's License Revocation Office's (ADLRO) administrative revocation of his driver's license because (1) a sworn statement by Officer Lou Kang (Officer Kang) did not comply with Hawaii Revised Statutes (HRS) § 291E-36(a)(2)(B) because he was not the person responsible for maintenance of the Intoxilyzer testing equipment and the sworn statement failed to comply with HRS § 291E-36(a)(2)(C) because it did not state that the equipment was properly maintained. Kelley contends these deficiencies deprived the ADLRO of jurisdiction to revoke his license via the Administrative Review Decision. Kelley also

---

[1] The Honorable Leslie Hayashi presided.

claims that (2) the Notice of Administrative Revocation was not issued by the arresting officer, as required by HRS § 291E-33(a), (3) there was no probable cause to believe that Kelley was operating a vehicle under the influence of an intoxicant because his arrest was unreasonable, and (4) his requests to issue subpoenas duces tecum were improperly denied.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kelley's points of error as follows:

(1)  The sworn statement by Officer Kang fulfilled the requirements of HRS § 291E-36(a)(2)(B) and (C) (2007).  Park v. Tanaka, 75 Haw. 271, 275-78, 859 P.2d 917, 920-21 (1993).

(2) Neither the plain language nor legislative history of HRS § 291E-33 (2007 and Supp. 2011) supports Kelley's claim that the arresting officer must also issue the Notice of Administrative Revocation.

> "[O]ur foremost obligation," when interpreting a statute, "is to ascertain and give effect to the intention of the legislature, which is obtained primarily from the language contained in the statute itself." State v. Aluli, 78 Hawai'i 317, 320, 893 P.2d 168, 171 (1995) (citation omitted).  "[T]he courts may resort to extrinsic aids in determining the legislative intent.  One avenue is the use of legislative history as an interpretive tool." State v. Toyomura, 80 Hawai'i 8, 19, 904 P.2d 893, 904 (1995) (citations and internal quotation marks omitted). Furthermore, "[t]he legislature is presumed not to intend an absurd result, and legislation will be construed to avoid, if possible, inconsistency, contradiction[,] and illogicality." State v. Malufau, 80 Hawai'i 126, 137, 906 P.2d 612, 623 (1995) (citation and internal quotation marks omitted).

State v. Griffin, 83 Hawai'i 105, 108 n.4, 924 P.2d 1211, 1214 n.4 (1996).

The plain language of HRS § 291E-33 distinguishes between an "arresting law enforcement officer" and a "law enforcement officer."  Section 291E-33(a), HRS simply directs a law enforcement officer to act after an arresting law enforcement officer has made an arrest.  HRS § 291E-33(b) requires a law enforcement officer to issue a Notice of Administrative Revocation if there is probable cause to believe a person being

treated in a hospital or medical facility has violated section 291E-61 or 291E-61.5 but does not require that the person be arrested by the same law enforcement officer. On the other hand, HRS § 291E-33(c) specifically directs an "arresting law enforcement officer" to perform specific actions such as taking possession of a motor vehicle registration and license plates. The plain language of HRS § 291E-33 is clear that the terms "arresting law enforcement officer" and "law enforcement officer" are not synonymous. A "law enforcement officer" need not be an "arresting law enforcement officer."

Hawaii Revised Statutes § 286-255 (Supp. 2000) governed the issuance of a Notice of Administrative Revocation prior to its repeal in 2002 and re-enactment as HRS § 291E-33 by Act 189 (2000). HRS § 286-255 stated:

> **§286-255 Arrest; procedures.** (a) Whenever a person is arrested for a violation of section 291-4 or 291-4.4, on a determination by the arresting officer that:
>
> (1)    There was reasonable suspicion to stop the motor vehicle, or that the motor vehicle was stopped at an intoxication and drug control roadblock established and operated in compliance with sections 286-162.5 and 286-162.6; and
>
> (2)    There was probable cause to believe that the arrestee was driving, operating, or in actual physical control of the motor vehicle while under the influence of intoxicating liquor;
>
> the arresting officer immediately shall take possession of any license held by the person and request the arrestee to take a test for alcohol concentration. The arresting officer shall inform the person that the person has the option to take a breath test, a blood test, or both. The arresting officer also shall inform the person of the sanctions under this part, including the sanction for refusing to take a breath or a blood test. Thereafter, the arresting officer shall complete and issue to the arrestee a notice of administrative revocation and shall indicate thereon whether the notice shall serve as a temporary driver's permit. The notice shall serve as a temporary driver's permit, unless, at the time of arrest, the arrestee was unlicensed, the arrestee's license was revoked or suspended, or the arrestee had no license in the arrestee's possession.
>
> (b) Whenever the police determine that, as the result of a blood test performed pursuant to section 286-163(b) and (c), there is probable cause to believe that a person being treated in a hospital or medical facility has violated section 291-4, the police shall complete and issue to the person a notice of administrative revocation and shall indicate thereon whether the notice shall serve as a temporary driver's permit. The notice shall serve as a

3

temporary driver's permit unless, at the time the notice was issued, the person was unlicensed, the person's license was revoked or suspended, or the person had no license in the person's possession.

(Emphasis added.) HRS § 286-255(a) specifically required that an "arresting officer" issue a Notice of Administrative Revocation. The re-enactment of HRS § 291E-33(a) eliminated the requirement that an arresting officer also issue the Notice of Administrative Revocation and allowed any "law enforcement officer" to issue a notice. Thus, the legislative history does not support Kelley's claim. Kelley does not dispute that a law enforcement officer issued a Notice of Administrative Revocation to him. Therefore, the notice was properly issued to him.

(3) Kelley failed to show where in record he objected to the consideration of the Preliminary Alcohol Screening (PAS) result in a probable cause determination by the hearing officer. There are no written motions by Kelley in the ADLRO record. The only transcript provided in the record on appeal is of March 20, 2012. It shows that Officer Raynette Ho (Officer Ho) was questioned about her administration of the PAS to Kelley, but does not show that Kelley specifically objected to the PAS for failure to comply with HRS § 291E-36(a)(2), that the PAS was administered so much later than the field sobriety test so as to make Kelley's detention an unreasonable seizure, or that no reasonable person would rely upon the PAS. The Findings of Fact, Conclusions of Law, and Decision by the hearing officer merely states that "Counsel moved to reverse the revocation on the grounds that . . . . (2) without the sworn statement of [Officer Ross Malloy (Officer Malloy)], who administered the field sobriety tests, there is insufficient evidence to prove probable cause; . . . ." Without an objection to the hearing officer that the PAS should have been excluded, it was properly considered as evidence of probable cause that Kelley operated a vehicle while under the influence of an intoxicant.

Kelley does not challenge the hearing officer's findings that Kelley was speeding at 40 miles per hour in a 25 mile per hour zone when he was stopped for speeding, Kelley

admitted that he drank "a couple" of beers, Kelley's eyes appeared glassy and red, and Sergeant Paul Lucas (Sergeant Lucas) detected a strong odor of alcohol on Kelley's breath. The PAS result also indicated that Kelley's breath alcohol content was 0.176, well in excess of 0.08 needed to be charged with violating HRS § 291E-61(a)(3) (Supp. 2014). The traffic violation and the totality of the circumstances provided a reasonable factual basis to believe that Kelley had committed the crime of OVUII. Kernan v. Tanaka, 75 Haw. 1, 39, 856 P.2d 1207, 1226 (1993).

(4) The ADLRO should issue all requested subpoenas, unless the witness does not possess any relevant evidence or the subpoena request is otherwise deficient, to ensure an arrestee's rights are adequately protected. Biscoe v. Tanaka, 76 Hawaiʻi 380, 385, 878 P.2d 719, 724 (1994) ("If a proper request is made for a subpoena for a relevant witness, the refusal to issue the subpoena would constitute an abuse of discretion."). However, a policy of initially denying a prehearing subpoena request and making a relevancy determination at the first scheduled hearing does not violate due process. Simmons v. Admin. Dir. of the Courts, 88 Hawaiʻi 55, 961 P.2d 620 (1998). "[I]t is often difficult, if not impossible, for a hearing officer to make a prehearing determination from the face of a subpoena request whether a certain witness possesses relevant evidence." Id. at 64, 961 P.2d at 629.

The record on appeal does not contain any objection to the denial of Kelley's subpoena duces tecum requests or attempt to explain the relevance of the items he sought. In addition, the appellate court, having the benefit of hindsight, can determine the information sought from Sergeant Lucas and Officer Ho was not relevant. See Id. Sergeant Lucas and Officer Ho did not perform field sobriety tests on Kelley. Therefore, a subpoena duces tecum to Sergeant Lucas and Officer Ho to bring all documents and information relating to field sobriety testing was not relevant.

Officer Ho performed a PAS on Kelley. The PAS is not premised on the relationship between intoxication and loss of coordination; it is based solely upon breath alcohol content. The hearing officer excluded Officer Malloy's report and did not rely upon Kelley's field sobriety test results in affirming his license revocation. Thus, even if Officer Malloy should have been ordered to produce the information regarding field sobriety testing, it was harmless error to deny the requested subpoena duces tecum to Officer Malloy. The hearing officer also did not rely upon the Intoxilyzer test results. Thus, even if Officers Kang and Miki should have been ordered to produce the information requested pertaining to the use and maintenance of the Intoxilyzer, it was harmless error to deny the requested subpoenas duces tecum.[2]

THEREFORE,

IT IS HEREBY ORDERED THAT the Judgment on Appeal, entered on September 24, 2012, in the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED: Honolulu, Hawai'i, June 12, 2015.

On the briefs:

Richard L. Holcomb,
for Petitioner-Appellant.

Presiding Judge

Robert T. Nakatsuji,
Deputy Solicitor General,
for Respondent-Appellee.

Associate Judge

Associate Judge

---

[2] Kelley also argues that the Hearing Officer failed to identify the evidence he relied upon in denying Kelley's motion to rescind. As we have already decided with regard to Kelley's first point, the sworn statement of Officer Kang satisfied HRS § 291E-36.

Kelley's argument that the Hearing Officer "completely ignored" Kelley's arguments is without merit.